## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLINTON BALL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  20-1090** |
| **DESIGN MASTER COLOR TOOL, INC. ET AL** | **SECTION: "S" (1)** |

**CONSOLIDATED WITH:**

| | |
|---|---|
| **CLINTON BALL** | **CIVIL ACTION** |
| **VERSUS** | **NO:  20-1447** |
| **DESIGN MASTER COLOR TOOL, INC. ET AL** | **SECTION: "S" (1)** |

**APPLIES TO: ALL CASES**

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the **Motions to Remand** in the consolidated captioned cases are **GRANTED**, and these matters are **REMANDED** to the Civil District Court for the Parish of Orleans.

## BACKGROUND

Plaintiff Clinton Ball filed suit against defendants in the Civil District Court for the Parish of Orleans alleging that he contracted multiple myeloma caused by his exposure to benzene, benzene containing products, toluene, xylene, and other solvent containing products, in connection with his work as a florist from 1992 through 2005. His complaint alleges negligence and strict liability claims against the manufacturers, suppliers, and distributors of the benzene, benzene containing products, toluene, xylene, and other solvent containing products to which he

was exposed.

Defendants Earl J. Doescher Co. Inc. and Sherwin Williams, Inc. (hereinafter, collectively "defendants") separately removed the case[1] to federal court based on the contention that plaintiff's allegations constitute failure to warn claims which are preempted by the Federal Hazardous Substance Act, 15 U.S.C. 1261, et seq. ("FHSA"), and thus "arise under" the laws of the United States. Plaintiff has filed a motion to remand in both cases arguing that his well-pleaded complaint alleges no cause of action arising under the laws of the United States, but only state law claims. Further, since it is undisputed that diversity is lacking, plaintiff contends that this matter must be remanded to state court. Plaintiff further argues that the matter should be remanded because it was not timely removed with the consent of all defendants.

## DISCUSSION

### A.    Legal standard

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993). In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be

---

[1] Because the cases were separately removed, they were assigned distinct docket numbers, 20-1090, and 20-1147. They are now consolidated.

strictly construed. See Manguno v. Prudential Prop. & Cas. Inc., 276 F.3d 720, 723 (5th Cir.

2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal

jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000). The removing

defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that

removal was proper. Jernigan, 989 F.2d at 815.

**B.    Federal Question jurisdiction**

Defendants allege that this court has subject matter jurisdiction under 28 U.S.C. § 1331.

Pursuant to § 1331, the federal district court has "original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." Under the well-pleaded complaint

rule, an action " 'arises under' federal law 'only when the plaintiff's statement of his own cause

of action shows that it is based upon [federal law].' " Vaden v. Discover Bank, 556 U.S. 49, 60,

(2009)(quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908)). The

well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid

federal jurisdiction by exclusive reliance on state law." Caterpillar Inc. v. Williams, 482 U.S.

386, 392 (1987).

Federal question jurisdiction exists where state law claims are completely preempted by a

federal statute in which Congress intended that the federal action be exclusive. Gutierrez v.

Flores, 543 F.3d 248, 252 (5th Cir. 2008). However, federal question jurisdiction cannot be

based on a defense that raises a federal question. Merrell Dow Pharma. Inc. v. Thompson, 478

U.S. 804. (1986).

In the absence of complete preemption, federal question jurisdiction also exists if

3

"federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Singh v. Duane Morris LLP, 538 F.3d 334, 337–38 (5th Cir. 2008) (quotations omitted). In determining whether this type of "arising under" jurisdiction is present, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

### 1. *Complete preemption inapplicable*

Complete preemption is a doctrine of subject matter jurisdiction that "based on the theory that some federal statutes have such an overwhelming preemptive effect that they do more than merely provide a defense to a state-law claim." 13D Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3566 (3d ed.) Complete preemption is present when "a federal statute 'so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all.' " Hoskins v. Bekins Van Lines, 343 F.3d 769, 773 (5th Cir. 2003) (quoting Carpenter v. Wichita Falls Ind. School Dist., 44 F.3d 362, 366 (5th Cir. 1995) ). The Supreme Court of the United States recognizes complete preemption in four areas: the Taft-Hartley Act, the Employee Retirement Income Security Act of 1974 ("ERISA"), certain sections of the National Bank Act and certain Indian tribal claims. 13D Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 3566 (3d ed.). This case does not implicate any of those areas of law.

4

Moreover, while the FHSA includes an express partial preemption provision,[2] several courts have explicitly found that the FHSA does not completely preempt state causes of action based on a failure to warn theory involving hazardous substances. See, e.g., Wagoner v. Exxon Mobil Corp., 832 F. Supp. 2d 664, 670 (E.D. La. 2011) ("as the statute's preemption provision makes clear, a plaintiff may assert a state-law cause of action that adopts, as the applicable standard of care, compliance with the FHSA's labeling requirements"), Mahoney v. Sherwin Williams Co., 2012 WL 12859848, at *4 (S.D. Iowa July 26, 2012); Greenawalt v. Philip Rosenau Co., 471 F. Supp. 2d 531, 533-34 (E.D. Pa. 2007) (finding the plaintiff's claims were

---

[2] In 1966, Congress recommended "a limited preemption amendment which would encourage and permit states to adopt requirements identical with the federal requirements for substances subject to the Federal Act, and to enforce them to complement Federal enforcement...." House Comm. On Interstate and Foreign Commerce, Child Protection Act of 1966, H.R. Rep. No. 2166, 89th Cong., 2d Sess. 3 (1966), reprinted in 1966 U.S.C.C.A.N., 4095, 4096. The preemption amendment adopted provides:

> If a hazardous substance or its packaging is subject to a cautionary labeling requirement under section 2(p) or 3(b) [subsection (p) of this section or section 1262(b) of this title] designed to protect against a risk of illness or injury associated with the substance, no State or political subdivision of a State may establish or continue in effect of a cautionary labeling requirement applicable to such substance or packaging and designed to protect against the same risk of illness or injury unless such cautionary labeling requirement is identical to the labeling requirement under section 2(p) or 3(b) [subsection (p) of this section or section 1262(b) of this title].

Thus, under the FHSA, a state may not impose through statute or regulation a labeling requirement different from that prescribed by FHSA. However, if a plaintiff charges a manufacturer with violations of the FHSA-mandated labeling requirements and without seeking more stringent labeling requirements, the plaintiff's common law tort action for damages is not preempted. Moss v. Parks Corp., 985 F.2d 736, 739 (4th Cir. 1993) 585 F.2d at 440-441; see also, Comeaux v. Nat'l Tea Co., 81 F.3d 42, 43 (5th Cir. 1996)("the FHSA preempts any state law warning requirements **other than those** imposed by the FHSA and its implementing regulations." (emphasis added) (citing Moss)).

not completely preempted by FHSA); <u>Akins v. Radiator Specialty Co.</u>, 2006 WL 2850444, at

*5-6 (W.D. Pa. Sept. 29, 2006) (finding that the FHSA did not create a substantial question of

federal law and did not completely preempt state law); <u>Cardello v. CRC Indus., Inc.</u>, 432 F.

Supp. 2d 555, 557-58 (W.D. Pa. 2006) (remanding to state court after finding that the complaint

sounded in state law and the FHSA does not completely preempt state law); <u>see also</u> <u>Hurt v.</u>

<u>Dow Chem. Co.</u>, 963 F.2d 1142, 1145 (8th Cir. 1992) (finding that the preemption language in

the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 <u>et seq.</u>, which is nearly

identical to the preemption language in the FHSA, does not result in complete preemption)).

Accordingly, complete preemption is not applicable in this case.

### 2. *Substantial federal question not presented*

In the absence of complete preemption, federal question jurisdiction also exists if

"federal law creates the cause of action or that the plaintiff's right to relief necessarily depends

on resolution of a substantial question of federal law." <u>Singh</u>, 538 F.3d at 337–38. In the present

case, the FHSA does not provide a private right of action. <u>IQ Products Co. v. Pennzoil Products</u>

<u>Co.</u>, 305 F.3d 368, 373 (5th Cir. 2002), thus, the court must determine whether plaintiff's right to

relief necessarily depends on resolution of a substantial question of federal law.

However, "[t]he fact that a substantial federal question is necessary to the resolution of a

state-law claim is not sufficient to permit federal jurisdiction[,]" and "the presence of a disputed

federal issue ... [is] never necessarily dispositive." <u>Id.</u> at 338. Instead, the court must make

"careful judgments about the exercise of federal judicial power in an area of uncertain

jurisdiction." <u>Id.</u> To that end, "federal jurisdiction over a state law claim will lie if a federal issue

6

is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." <u>Gunn v. Minton</u>, 568 U.S. 251, 258 (2013). It is only in cases "[w]here all four of these requirements are met, . . .[that] jurisdiction is proper because there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." <u>Id.</u> (internal quotations omitted).

Thus, the foregoing four elements must be satisfied to establish federal question jurisdiction. As for the first, whether resolving a federal issue is necessarily raised in the resolution of the state law claim, to the extent plaintiff has advanced a claim that any of the defendants failed to adequately warn him, its resolution may ultimately require reference to the labeling standards set forth in the FHSA.

With respect to the second element – that the federal issue must be actually disputed – assuming that the FHSA does apply, the dispute will be simply whether or not defendants met the requisite standard, not the validity of the FHSA's labeling standards. Thus, arguably, there is no dispute regarding the substance of the federal law, but rather a technical application of a straightforward standard. But critically, to the extent that could fairly be characterized as an actual dispute, it cannot be said to be substantial, and thus even if the second requirement is met, the third requirement, of a **substantial** dispute, is not.

Substantiality, in the sense required by the United States Supreme Court in <u>Grable</u> and its progeny, does not go to the question whether an issue is important to the affected litigants. <u>Gunn</u>,

7

568 U.S. at 260. Rather, "the substantiality inquiry under <u>Grable</u> looks instead to the importance of the issue to the federal system as a whole." <u>Id.</u> Thus, the government's " 'direct interest in the availability of a federal forum to vindicate its own administrative action' [makes a] question 'an important issue of federal law that sensibly belong[ed] in a federal court.' " <u>Id.</u> at 260-61 (quoting <u>Grable</u>, 545 U.S. at 315.). Likewise, a decision that "'depends upon the determination" of "the constitutional validity of an act of Congress which is directly drawn in question," is substantial. <u>Id.</u>, (quoting <u>Smith v. Kansas City Title & Trust Co.</u>, 255 U.S. 180, 201(1921)). The federal dispute in the present case, if any, is akin to neither of these examples, and as noted above, will involve the technical application of a straightforward standard. Accordingly, the third element, substantiality, is not met.

The fourth inquiry considers whether jurisdiction will disturb the balance of federal and state judicial responsibilities. All of the allegations in plaintiff's petition invoke Louisiana state law, there is no mention of federal law, and federal law, if applicable, will operate only to provide a standard to gauge the adequacy of any warnings. Considering this, it is much less likely that the balance of federal and state jurisdiction would be disturbed by allowing this matter to proceed in state court, as opposed to federal court. Accordingly, for all of the foregoing reasons, this matter does not present a substantial question of federal law, and therefore federal subject matter is lacking. Accordingly, the court pretermits the issue of whether the first notice of removal was defective.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the **Motions to Remand** in the consolidated captioned

8

cases (20-1090, Rec. Doc. 6, and 20-1147, Rec. Doc. 13) are **GRANTED**, and these matters are

**REMANDED** to the Civil District Court for the Parish of Orleans.


New Orleans, Louisiana, this ___1st___ day of May, 2020.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

9